ALTENBERND, Judge.
We reluctantly affirm the trial court’s judgment requiring Mr. and Mrs. Decker to forfeit their $28,900 escrow deposit in a residential real estate transaction. They signed a real estate contract to purchase a $300,000 home from the Sistrunks, but then refused to close when they learned that the mortgage payments would be higher than they had anticipated. We write only to observe that the mortgage contingency clause in the Sarasota Board of Realtors and Sarasota County Bar Association standard real estate contract is the source of this unfortunate result. Unlike the Florida Association of Realtors/Florida Bar Association standard contract, this contract does not specify the interest rate or other terms of the intended financing. See J. Richard Harris, Basic Agreement, Florida Real Property Sales Transactions § 3.53 (2d ed. 1994). The parties used a disclosed dual agent who eventually located financing at an interest rate that was significantly above the current market rate, but reasonable in light of the Deckers’ credit history. The trial court concluded that the Deckers breached this contract when they refused to close. If the parties had used the Florida Bar standard contract, the Deckers could have specified a maximum interest rate and avoided this litigation.
Affirmed.
THREADGILL, C.J., and DANAHY, J., concur.